◼   In the Matter of SHELDON LUBLIN, Respondent, v. VIRGINIA MEIER, Formerly VIRGINIA LUBLIN, Appellant.— Appeal from an order of the Family Court of Ulster County, entered February 14, 1974, which modified the visitation rights of petitioner. This appeal concerns the authority and propriety of the Family Court to modify its prior order with respect to visitation rights without a hearing. The facts have been stipulated. Petitioner and appellant are separated and the parents of the 10-year-old girl involved in this controversy. The appellant mother resides in Woodstock, Ulster County, and the petitioner father resides in New York City. By order dated October 10, 1972 it was provided, among other things, that petitioner was granted visitation rights for the first and third weekends of each month from Friday afternoon to Sunday evening until 8:00 P.M. The order further provided that petitioner was to secure the child at appellant's residence in Woodstock. That order was modified on February 14, 1974 to provide that the daughter was to be placed on a bus at Woodstock at 7:30 P.M. on the Friday of the alternate weekends, to be met by petitioner, or some adult person known to the daughter, at the Port Authority bus terminal in New York City and to be returned by bus leaving New York at 5:45 P.M. on Sunday. Petitioner's primary reason for urging modification was the fuel shortage. No hearing was held and the order was modified after argument by counsel. Petitioner submitted a brief affidavit assuring the court that he would always timely meet the bus. The affidavit also referred to a letter dated December 19, 1973 setting forth petitioner's reason for requesting the modification. It is significant that we are dealing here with a 10-year-old girl who must travel 100 miles all alone to New York City and back at night on alternate weekends. The petitioner, by affidavit and letter, made his position known to the court. There is nothing in the record, by affidavit or otherwise, setting forth appellant's position. Nor do we have the original record. Under the circumstances, we are of the opinion that there should have been a hearing. (*Slater* v. *Slater*, 43 A D 2d 535; *Falkides* v. *Falkides*, 40 A D 2d 1074.) Order reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent herewith. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.